# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

**\* \* \***

| | |
|---|---|
| WORDLOGIC CORPORATION, a Nevada corporation,<br><br>                Plaintiff,<br><br>    vs.<br><br>DOUGLAS A. GLASER, as an individual; APHENOS CAPITAL, INC., a Florida corporation; and ADVEDEA, INC., a Florida corporation,<br><br>                Defendants. | Case No.: 2:10-cv-01408-RLH-PAL<br><br>**O R D E R**<br><br>(Motion for Temporary Restraining Order–#2) |

       Before the Court is Plaintiff Wordlogic Corporation's **Motion for Temporary Restraining Order** (#2), filed August 19, 2010.  Plaintiff filed this motion *ex parte*.

## BACKGROUND

       This dispute arises from an alleged breach of contract.  Plaintiff, a Nevada corporation, alleges the following facts.  Plaintiff's business involves research, development, and licensing of software tools for enabling data entry on personal computing devices.  (*See* Dkt. #1, Compl.)  Defendant Douglas Glaser is a Florida resident who owns two Florida corporations, Aphenos Capital, Inc. and Advidea, Inc.  In April 2010, Plaintiff and Glaser signed two consulting

AO 72
(Rev. 8/82)

1   agreements.  Under the agreements, Glaser was to provide Plaintiff with consulting services that

2   included: building and developing a website and advertisements, writing and producing television

3   infomercials to sell Plaintiff's products, and other business development services.  Plaintiff would

4   then compensate Glaser with shares of its common stock.  Defendants allegedly failed to book

5   certain infomercial air time, produce infomercial content, or relinquish control of Plaintiff's

6   website.  Plaintiff also alleges that Defendants misappropriated funds for their own personal use

7   and retained stock certificates that Plaintiff's transfer agent erroneously issued.

8           On August 19, 2010, Plaintiff filed suit against Defendants in this Court alleging:

9   (1) breach of contract, (2) conversion, (3) fraud, (4) breach of implied covenant of good faith and

10  fair dealing, and (5) misappropriation.  In addition, Plaintiff filed an *ex parte* motion for temporary

11  restraining order ("TRO"), which is now before the Court.  For the reasons discussed below, the

12  Court denies Plaintiff's motion.

13                                      **DISCUSSION**

14          In order to obtain a TRO or a preliminary injunction,  plaintiffs must establish that:

15  (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the

16  absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is

17  in the public interest.  *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (*citing

18  Winter v. Natural Res. Def. Council, Inc*., 129 S.Ct. 365, 374 (2008)).

19          Plaintiff asks the Court to issue a TRO that would require Defendants to relinquish

20  control of Plaintiff's website, refrain from selling, transferring, or otherwise encumbering the

21  disputed stock, and also prevent Defendants from removing profits earned from the sale of

22  Plaintiff's products on the website or "800 number" associated with the website.  Plaintiff provides

23  a declaration from its corporate president, Frank Evanshen, and copies of the parties' agreements

24  to establish the required elements for a TRO.  However, the Court finds that these documents do

25  not demonstrate the required elements.  Mere recitals of the elements of a cause of

26  action—supported only by conclusory statements—cannot suffice.  The Court can do no more than

AO 72
(Rev. 8/82)

infer from these documents that Defendants are liable for the alleged misconduct.  Thus, Plaintiff has not shown a likelihood of success.  The parties agreements may show a contractual relationship, but they do not show more than the mere possibility of misconduct.  A temporary restraining order is an extraordinary form of relief, and the Court cannot issue such relief without Plaintiff demonstrating a likelihood of success on the merits.  Accordingly, the Court denies Plaintiff's Motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order (#2) is DENIED.

Dated: August 23, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**

AO 72
(Rev. 8/82)