UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WORDLOGIC CORPORATION, a Nevada corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>DOUGLAS A. GLASER, as an individual; APHENOS CAPITAL, INC., a Florida corporation; and ADVEDEA, INC., a Florida corporation,<br><br>    Defendants. | Case No.: 2:10-cv-01408-RLH-PAL<br><br>**O R D E R**<br><br>(Second Motion for Temporary Restraining Order–#9) |

    Before the Court is Plaintiff Wordlogic Corporation's *ex parte* **Second Motion for Temporary Restraining Order** ("TRO") (#9), filed September 1, 2010.

### BACKGROUND

    This dispute arises from an alleged breach of contract. Plaintiff alleges the following facts. Plaintiff's business involves research, development, and licensing of software tools for enabling data entry on personal computing devices. (Dkt. #1, Compl.) Defendant Douglas Glaser is a Florida resident who owns two Florida corporations, Aphenos Capital, Inc. and Advidea, Inc. In April 2010, Plaintiff and Glaser signed two consulting agreements. Under the agreements, Glaser was to provide Plaintiff with consulting services that included: building

and developing a website and advertisements, writing and producing television infomercials to sell Plaintiff's products, and other business development services.  Plaintiff would then compensate Glaser with shares of its common stock.  Defendants allegedly failed to produce infomercial content, book certain infomercial air time, or relinquish control of Plaintiff's website.  Plaintiff also alleges that Defendants misappropriated funds for their own personal use and retained stock certificates that Plaintiff's transfer agent erroneously issued.

On August 19, 2010, Plaintiff filed suit against Defendants in this Court alleging: (1) breach of contract, (2) conversion, (3) fraud, (4) breach of implied covenant of good faith and fair dealing, and (5) misappropriation.  In addition, Plaintiff filed an *ex parte* TRO motion (Dkt. #2) and a Motion for Preliminary Injunction (Dkt. #3), which is still pending.  The Court denied Plaintiff's TRO motion because Plaintiff failed to demonstrate a likelihood of success on the merits.  (Dkt. #8, Order, Aug. 23, 2010.)

On September 1, Plaintiff filed a second *ex parte* TRO motion (Dkt. #9) with newly obtained evidence that purportedly demonstrates a likelihood of success.  The new evidence includes emails between Plaintiff's corporate president, Frank Evanshen, and Glaser, invoices from recent sales on Plaintiff's website, and a declaration from Plaintiff's employee, Roy Spectorman.  For the reasons discussed below, the Court denies Plaintiff's motion.

**DISCUSSION**

**I.    TRO Requirements**

Under Rule 65(b) of the Federal Rules of Civil Procedure, parties seeking a TRO must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). Applying *Winter*, the Ninth Circuit has since held that, to the extent previous cases suggested a lesser standard, "they are no longer controlling, or even viable." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).  Thus, a party must satisfy each of these four requirements.

1    Plaintiff has not satisfied the TRO requirements.  First, the Court cannot conclude
2  that Plaintiff has a likelihood of irreparable harm simply because Defendants allegedly have
3  control of Plaintiff's website and stock certificates.  If Plaintiff succeeds on its claims, Defendants
4  could receive monetary compensation or declaratory relief, and this weighs heavily against
5  Plaintiff's claim of irreparable harm.  *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634
6  F.2d 1197, 1202 (9th Cir. 1980) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere
7  injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not
8  enough. The possibility that adequate compensatory or other corrective relief will be available at a
9  later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable
10 harm."))  Second, the Court can do no more than infer that Defendants are liable for the alleged
11 misconduct from Plaintiff's new evidence.  The emails Plaintiff submits may show a dispute
12 between the parties, but they do not show more than the possibility of misconduct.  Thus, Plaintiff
13 has not shown a likelihood of success.  Because Plaintiff has not shown a likelihood of success or
14 irreparable harm, the Court need not address the balance of equities or public interest.
15 Accordingly, the Court denies Plaintiff's Motion.

16 **II.    *Ex Parte* Injunctive Relief**

17   While the Court has denied Plaintiff's TRO motion, the Court notes that this
18 motion is Plaintiff's second request for *ex parte* relief, and a motion for preliminary injunction is
19 still pending.  The standard for obtaining *ex parte* relief under Rule 65 is very stringent.  *Reno Air*
20 *Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).  The Court will only issue an *ex*
21 *parte* TRO where it appears there would be an irreparable injury before the responding party can
22 be heard.  Fed. R. Civ. P. 65(b)(1)(A).  In reality, a TRO is a temporary preliminary injunction
23 issued for a limited period of time until the time when the opposing party has an opportunity to be
24 heard.  Rule 65's stringent restrictions "reflect the fact that our entire jurisprudence runs counter to
25 the notion of court action taken before reasonable notice and an opportunity to be heard has been
26 /

3

granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974).

The central issue for an *ex parte* TRO motion is whether something needs to be done immediately, before a hearing can be held. Because Plaintiff failed to demonstrate a likelihood of irreparable harm, the Court cannot grant immediate injunctive relief. Although Plaintiff submitted new evidence in support of its second motion, these exhibits do not satisfy the stringent standards for *ex parte* injunctive relief. Defendants are entitled to reasonable notice and an opportunity to be heard. The Court therefore will consider Plaintiff's motion for preliminary injunction once Plaintiff files proof of service and Defendants are given an opportunity to respond.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Second Motion for Temporary Restraining Order (#9) is DENIED.

Dated: September 7, 2010.

_____
ROGER L. HUNT
Chief United States District Judge